## Peter A. Lorimier and Charles H. Gratoit, impleaded with George W. Campbell and Dickinson B. Morehouse, plaintiffs in error, *vs.* The President, Directors & Co. of the State Bank of Illinois, defendants in error.

### *Error to Dubuque.*

The District Courts of this territory, are not District Courts of the *United States* properly speaking, but territorial courts, having the powers of such courts.

The appearance by attorney, and filing a plea with another defendant, dispenses with the necessity of service of process upon him, and is a waiver of all objections on that score.

This was an action of assumpsit, founded on a promissory note, given by C. H. Gratoit & Co., and Campbell & Morehouse, to the President,

Directors & Company of the State Bank of Illinois, for twenty-eight hundred and fifty dollars, dated February 18th, 1840, and payable sixty days after date.

To the writ of summons in this case issued, the sheriff returned "served by delivering an attested copy thereof to Peter A. Lorimier, this 20th day of October, A. D. 1840. Charles H. Gratoit, George W. Campbell and Dickinson B. Morehouse, not found in my county."

The plaintiffs declared against Charles H. Gratoit and Peter A. Lorimier, late partners doing business under the name and style of C. H. Gratoit & Co.; and George W. Campbell and Dickinson B. Morehouse, late partners doing business under the name and style of Campbell & Morehouse. To the special count on the note, was added a count for money had and received.

The defendants, by Hempstead and Bradford, their attorneys, moved to quash the said writ and dismiss the proceedings, because there was a variance between the plaintiffs writ, and declaration therein, in this, that the declaration stated and set forth the defendants, Charles H. Gratoit and Peter A. Lorimier to be partners, trading under the firm of Charles H. Gratoit & Co., and the defendants, George W. Campbell and Dickinson B. Morehouse, to be partners, trading under the firm of George W. Campbell & Co., whereas the writ was against the said parties individually, only, and not against the said Gratiot and Lorimier as partners, nor against the said George W. Campbell and Morehouse, as partners. Which said motion to quash was overruled by the court.

The said Peter A. Lorimier, one of the defendants, impleaded, &c., in his own proper person then plead to the jurisdiction of the court, and that it ought not to have or take farther cognizance of the action, because that the said court setting in its said capacity of a District Court of the United States, had not, nor could exercise any jurisdiction of the matter set forth in the plaintiffs declaration, and avered that there was another court established by law which was legally authorized to hear and determine pleas in assumpsit, debt, and issues arising thereon exclusively of the United States District Court, or any other tribunal, to wit: the District Court of said territory, being the law of Congress of the United State for organizing said territory, and by the laws of said territory, that said court had by law exclusive cognizance and jurisdiction of the action of said plaintiff. Which plea was overruled by the court.

The defendants then plead the general issue.

At the may term 1841, the defendants having by leave of the court withdrawn their plea, judgment was awarded the plaintiffs for the sum of $3,042,22 damages and costs.

The points reserved in the bill of exceptions taken in this case are:

1. That the court ruled and decreed that in a common plea of assumpsit the proceedings may be entitled of the District Court of the United States.

2. That the style and name of this court, as a District Court of the United States, refers only to the source whence its power is derived and not to the legal title and description of the court when entertaining jurisdiction of such matters and things arising under the constitution and laws of the United States, jurisdiction whereof is vested in the Circuit and District Courts of the United States, and that by said name and style of the District Court of the United States, it may have jurisdiction of the present case.

The said Peter A. Lorimier sued out a writ of error from this court and has assigned for error the causes set forth in the exceptions taken in the court below, and that Gratoit was not served with process.

HEMPSTEAD, for plaintiffs.

DAVIS & CRAWFORD, for defendants.

BY THE COURT, MASON, CHEIF JUSTICE.—There are substantially but two errors assigned in this case. The first that we shall notice is, that the judgment was rendered against the said Gratoit without his having been served with process. He, however, made his appearance by attorney and filed his plea of the general issue jointly with Lorimier. This dispensed with the necessity of service, and waived all objections on that score. But the main question is that the court below, *setting as a District Court of the United States,* had no jurisdiction of the case. Counsel seem to be under a misconception as to the true nature of our District Courts. Under no circumstances are they properly speaking, District Courts of the United States. They are merely Territorial Courts, having the powers of District and Circuit Courts of the United States; but when adjudicating upon the laws of Congress their character and title does not change. Congress has sometimes, for certain purposes, vested the State Courts with federal powers, to a limited extent. That did not in the least deprive them of their character as State Courts. We are in a similar predicament.

29

The only irregularity we observe in the proceedings below, is an inaccuracy in stating the title of the court. It is entitled a District Court of the United States, but there the irregularity ends. All the proceedings are before the territorial court. The process is served by the sheriff, and nothing appears to have taken place out of the ordinary course of proceeding in other cases of like nature.

We think the inaccuracy in the entitling of the court is not such an irregularity as should justify a disturbance of the judgment below. There is no pretence of a doubt as to the identity of the court. The error is one which cannot prejudice the plaintiff in error, and therefore furnishes no ground for a reversal of the judgment below.

Judgment affirmed.